**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SANRIO, INC.,** | § | **Case No. H-17-504** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **JUSTIN KWON d/b/a SAVVY LINE and** | § | |
| **SOIREE LINE, YUN KWON d/b/a** | § | |
| **SAVVY LINE and SOIREE LINE, AND** | § | |
| **SOIREE LINE, INC.,** | § | |
| **And DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF SANRIO, INC.'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff Sanrio, Inc. ("Plaintiff" or "Sanrio") files this Original Complaint against Defendants Justin Kwon d/b/a Savvy Line and Soiree Line, Yun Kwon d/b/a Savvy Line and Soiree Line, and Soiree Line, Inc. (hereinafter collectively referred to as "Defendants"), and respectfully alleges as follows:

## I. INTRODUCTION

1.       This case concerns the concerted, systematic and wholesale theft of various world-famous intellectual properties exclusively licensed by Plaintiff. Defendants are engaged in the manufacture, importation, distribution, promotion, sale and/or offer for sale of a variety of goods including but not limited to personal accessories, hair accessories, necklaces, bracelets, jewelry, business cardholders and other related merchandise, which incorporate unauthorized likenesses of animated or live action characters owned by Plaintiff, including, but not necessarily limited to, Hello Kitty (collectively "Infringing Product").

## II. JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).   The defendants are located in this District, the products that are the subject of this litigation were sold and offered for sale in this District, and elsewhere, and the claims alleged in this action arose in this District.

## III. THE PARTIES

5.      Plaintiff Sanrio is a corporation, duly organized and existing under the laws of California, having its principal place of business in South San Francisco.  Plaintiff is, and at all relevant times has been, the exclusive U.S. licensee of Sanrio Company, Ltd., a Japanese corporation ("Sanrio Co.").  Plaintiff is a wholly-owned subsidiary of Sanrio Co.

6.      Defendant JUSTIN KWON d/b/a SAVVY LINE and SOIREE LINE ("J. Kwon") is an individual who Plaintiff is informed and believes is a resident of Houston, Texas.  Defendant J. Kwon is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and/or selling merchandise that infringes upon Sanrio Co.'s Properties (as defined in paragraph 17 below) within this District, and elsewhere.  Plaintiff is informed and believes, and upon that basis alleges, that J. Kwon is a principal and/or supervisory employee of Soiree Line, Inc.  Plaintiff is further informed and believes, and based thereon alleges, that J. Kwon had the right and ability to supervise or control the infringing activity alleged herein and that he had a direct financial interest in such activity.  In addition or alternatively, J. Kwon had knowledge or reason to know of the infringing activity and took actions that contributed to such activity.

7.     Defendant YUN KWON d/b/a SAVVY LINE and SOIREE LINE ("Y. Kwon") is an individual who Plaintiff is informed and believes is a resident of Houston, Texas.  Defendant Y. Kwon is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and/or selling merchandise that infringes upon Sanrio Co.'s Properties (as defined in paragraph 17 below) within this District, and elsewhere. Plaintiff is informed and believes, and upon that basis alleges, that Y. Kwon is a principal and/or supervisory employee of Soiree Line, Inc.  Plaintiff is further informed and believes, and based thereon alleges, that Y. Kwon had the right and ability to supervise or control the infringing activity alleged herein and that he had a direct financial interest in such activity.  In addition or alternatively, Y. Kwon had knowledge or reason to know of the infringing activity and took actions that contributed to such activity.

8.     Defendant Soiree Line, Inc. ("Soiree") is a Texas corporation with its principal place of business in Houston, Texas.  Defendant Soiree is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and/or selling merchandise that infringes upon Sanrio Co.'s Properties (as defined in paragraph 17 below) within this District, and elsewhere.

9.     Upon information and belief, Does 1 – 10 are either entities or individuals who reside or are otherwise present in this District, and are subject to the jurisdiction of this Court. Upon information and belief, Does 1 – 10 are principals or supervisory employees of the named Defendants, suppliers of the named defendants or other entities or individuals who are manufacturing, distributing, selling, and/or offering for sale merchandise in this District that infringes upon some or all of Sanrio Co.'s Properties.  The identities of the various Does are unknown to Plaintiff at this time.  However, Plaintiff's Complaint will be amended to include the

names of such entities or individuals when they are identified. The named Defendants and Does

1 – 10 are collectively referred to herein as "Defendants."

## IV. FACTUAL BACKGROUND

### 1. Sanrio Co. and its Well-Known Intellectual Property

10. For more than fifty (50) years, Sanrio Co. has been engaged in the business of

manufacturing, distributing and selling a wide range of products including, without limitation,

character artwork that was created, developed, and designed by Sanrio Co. for use by children and

young adults. Some of the characters and designs have achieved such global fame and popularity

that Sanrio Co. has produced and distributed television programming for children based on the

character artwork. One such television program is the animated television series entitled *Hello

Kitty*.

11. A significant source of revenue for Sanrio Co. is the merchandising and licensing

of distinctive elements bearing character artwork, including Hello Kitty, Bad Badtz Maru,

Chococat, KeroKeroKeroppi, Landy, Little Twin Stars, Monkichi, My Melody, Patty and Jimmy,

Pekkle, Picke Bicke, Pochacco, Tuxedo Sam, Winkipinki, Gudetama, and Zashikbuta (hereinafter

individually and collectively referred to as the "Sanrio Co. Characters").

12. The revenue from products using the Sanrio Co. Characters sold in the United

States is substantial. The appearance and other features of the Sanrio Co. Characters are inherently

distinctive and serve to identify Sanrio as the source of products bearing the Sanrio Co. Characters.

The design, configuration, and distinctive features of the Sanrio Co. Characters and other Sanrio

Co. copyrighted works, and of works related thereto (hereinafter individually and collectively

referred to as "Sanrio Co.'s Copyrighted Designs") are wholly original and, as fixed in various

tangible media (including, without limitation, merchandise), are copyrightable subject matter

under the United States Copyright Act, 17 U.S.C., §§ 101 *et seq.* Sanrio Co. is the owner of Sanrio

Co.'s Copyrighted Designs and again, as featured on and in connection with various merchandise,

these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C.

§§ 101, *et seq.*

      13.    Sanrio Co. has complied in all respects with the laws governing copyright and has

secured the exclusive rights and privileges in and to the copyrights to Sanrio Co.'s Copyrighted

Designs, and Sanrio Co. owns one or more certificates of registration for works in which each of

Sanrio Co.'s Copyrighted Designs appear.   A representative list of copyright registrations for

Sanrio Co.'s Copyrighted Designs is attached hereto as **Exhibit A** and incorporated herein by

reference.

      14.    Products featuring Sanrio Co.'s Copyrighted Designs that are manufactured, sold,

and distributed by Sanrio Co. or under its authority have been manufactured, sold, and distributed

in conformity with the provisions of the copyright laws.   Sanrio Co. and those acting under its

authority have complied with their obligations under the copyright laws, and Sanrio Co. has at all

times been and still is the sole proprietor of, or is otherwise authorized to enforce, all rights, title,

and interests in and to the copyrights in each of Sanrio Co.'s Copyrighted Designs.

      15.    Sanrio Co. owns all rights, title, and interests in and to, and holds exclusive rights

to develop, manufacture, market, and sell products bearing the trademarks, trade names, service

marks, artwork, characters, and other distinctive elements for and incorporating the Sanrio Co.

Characters in the United States.

      16.    Sanrio Co. is the owner of world-famous registered marks that serve to distinguish

Sanrio Co. products.  Some of those trademarks have been used continuously for over twenty-five

(25) years.   Each year, Sanrio Co. spends millions of dollars to develop and maintain the

considerable goodwill it enjoys in both its trademarks and its reputation for high quality.   A representative list of trademark registrations for the Sanrio Co. Characters (hereinafter individually and collectively referred to as the "Sanrio Co.'s Trademarks" or "Trademarks") is attached hereto as **Exhibit B** and incorporated herein by reference.

17.    Sanrio Co.'s Trademarks are all valid, extant, and in full force and effect.   Sanrio Co.'s Trademarks are all exclusively owned by Sanrio Co.  Sanrio Co. has continuously used each of Sanrio Co.'s Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.  As a result of advertising and sales, together with longstanding consumer acceptance, Sanrio Co.'s Trademarks identify Sanrio Co.'s products and authorized sales of these products.   Sanrio Co.'s Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.  The Sanrio Co. Characters, Sanrio Co.'s Copyrighted Designs, and Sanrio Co.'s Trademarks are collectively referred to herein as "Sanrio Co.'s Properties" or "Properties."

## 2. Defendants' Infringing Activities

18.    Upon information and belief, long after Plaintiff's adoption and use of Sanrio Co.'s Properties on a diverse range of goods, and after Plaintiff obtained the exclusive rights to the copyright and trademark registrations identified above, Defendants adopted and used substantially identical likenesses of Sanrio Co.'s Properties on the Infringing Products, without Plaintiff's consent, by manufacturing, importing, advertising, displaying, distributing, selling, and/or offering to sell the Infringing Products.   Defendants have caused the Infringing Products to enter into commerce and to be transported or used in commerce.

19.    Defendants are not licensed by Plaintiff, and at all times relevant hereto were not authorized by Plaintiff or any authorized agent of Plaintiff, to manufacture, import, distribute,

advertise, sell, and/or offer for sale the Infringing Products.   Despite notice, Defendants are currently engaged in such uses and, unless enjoined by this Court, will continue such unauthorized uses.   By engaging in this misconduct, Defendants have acted in willful disregard of laws protecting Plaintiff's goodwill and related proprietary rights, and have confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source and sponsorship of the products.   By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

## V.  CAUSES OF ACTION

### 1. Federal Copyright Infringement

### [17 U.S.C. §501(a)]

20.      Plaintiff re-alleges all of the allegations contained in paragraphs 1 through 19, above, as though fully set forth herein.

21.      Plaintiff owns exclusive rights and interests in and to the trademarks, trade names, service marks, artwork, characters, and other distinctive elements for and incorporating Sanrio Co.'s Properties.

22.      Upon information and belief, Defendants have obtained gains, profits, and advantages as a result of their infringing acts in amounts within the jurisdiction of the Court.

23.      Plaintiff has suffered and continues to suffer direct and actual damages as a result of Defendants' infringing conduct as alleged herein, in amounts that are yet to be determined, but which are within the jurisdiction of this Court.   In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Plaintiff will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution, and/or sale of the Infringing Products as alleged herein.   In the alternative, Plaintiff

may elect to recover for each of the respective copyrighted works infringed, statutory damages pursuant to 17 U.S.C. § 504(c).

24.     Plaintiff has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts.  Unless enjoined by the Court, the Defendants' unlawful infringement of Sanrio Co.'s Copyrighted Designs will continue causing irreparable harm and damage to Plaintiff.   Accordingly, Plaintiff requests preliminary and permanent injunctive relief pursuant to 17 U.S.C § 502.

25.     By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein.   Plaintiff seeks and is entitled to recover from the Defendants, jointly and severally, its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## 2. Federal Trademark Infringement

### [15 U.S.C. §1114]

26.     Plaintiff re-alleges all of the allegations contained in paragraphs 1 through 25 above, as though fully set forth herein.

27.     Defendants' manufacture, importation, advertisement, display, promotion, marketing, distribution, sale, and/or offer for sale of the Infringing Products is likely to cause confusion or mistake amongst, or otherwise deceive, the relevant public and trade regarding the affiliation, sponsorship, endorsement, or approval of the Infringing Products by Plaintiff.  Such confusion, mistake, and deception is aggravated by the confusing similarity between Sanrio Co.'s Trademarks and the use of substantially identical likenesses on the Infringing Products in the same type of goods that are made, imported, and sold by or under authority of Plaintiff.

28.     Upon information and belief, the Defendants acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Plaintiff enjoys in connection therewith, with intent to confuse, mislead, and deceive the public into believing that the Infringing Products were made, imported, and sold by Plaintiff, or are otherwise approved or   endorsed by Plaintiff, when in fact they are not.

29.     Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts that are yet to be determined, but which are within the jurisdiction of this Court.  These amounts should each be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiff will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution, and/or sale of the Infringing Products as alleged herein.  In the alternative, Plaintiff may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

30.     Plaintiff has no other adequate remedy at law, and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts of infringement.  Unless enjoined by the Court, the Defendants' unlawful infringement of Sanrio Co.'s Trademarks will continue causing irreparable harm and damage to Plaintiff.   Accordingly, Plaintiff requests preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

31.     By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein.  Plaintiff seeks and is entitled to recover from Defendants, jointly and severally, its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(c).

### 3.  Unfair Competition & False Designations of Origin

### [15 U.S.C. §1125(a)]

32.    Plaintiff re-alleges all of the allegations contained in paragraphs 1 through 31 above, as though fully set forth herein.

33.    Sanrio Co.'s Properties have each acquired a secondary and distinctive meaning among the public, which has come to identify Plaintiff through various forms of media (including films, books, television, magazines, and other sources), and through the distribution and sale of authorized merchandise bearing or incorporating the distinctive features of Sanrio Co.'s Properties, as the exclusive owner or source of such Properties and products.  As a result of the extensive advertising, media exposure, sales, and public recognition of Sanrio Co.'s Properties, combined with the positive experiences of the public in its relationship with Plaintiff, Sanrio Co.'s Properties are each symbolic of Plaintiff and representative of the image which the public has of Plaintiff.

34.    Without permission, authority, or license from Plaintiff or its licensees, the Defendants have, upon information and belief, affixed, applied, and/or used in connection with the manufacture, importation, advertisement, display, promotion, marketing, distribution, sale, and/or offer for sale, false descriptions and representations (including words or other symbols) which tend to falsely describe or represent such goods as originating from Plaintiff or otherwise being approved or authorized by Plaintiff, when in fact they are not.  Moreover, the Defendants have, upon information and belief, caused the entry of such goods into interstate commerce with full knowledge of the falsity of such descriptions, representations, and designations of origin, all to Plaintiff's detriment.  By misappropriating and using one or more of Sanrio's Co.'s Properties, Defendants have misrepresented and falsely described to the general public the origin, source,

association, affiliation, or sponsorship of their goods, so as to likely confuse the ultimate purchasers as to source and sponsorship of such goods.

35.     Upon information and belief, the Infringing Products that are being manufactured, imported, advertised, marketed, displayed, distributed, sold, and/or offered for sale by Defendants are of inferior quality.  As such, the sale and/or offer for sale of these Infringing Products has and will continue to damage and dilute the Plaintiff's reputation and goodwill.

36.     Defendants' acts and conduct as alleged herein (including, without limitation, the Defendants' duplication and imitation of Sanrio Co.'s Properties) are business practices that unfairly trade upon Plaintiff's reputation and are likely to deceive or confuse the purchasing public that the Infringing Products originated from Plaintiff or are otherwise sponsored or approved by Plaintiff, and that the Defendants are affiliated or associated with Plaintiff – when in fact, neither is true.  Accordingly, such acts and misconduct by the Defendants constitutes unfair competition, false designation of origin, and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a).  Upon information and belief, the Defendants' acts of reputation appropriation and unfair competition was willful.

37.     Plaintiff has no adequate remedy at law, and has suffered and continues to suffer irreparable harm and damage as a result of the Defendants' acts of unfair competition in amounts that are yet to be determined, but which are within the jurisdiction of this Court.  These amounts should each be trebled pursuant to 15 U.S.C. § 1117.

38.     Unless enjoined by the Court, the actual and/or likelihood of confusion and deception as alleged above will continue with irreparable harm and damage to Plaintiff. Accordingly, Plaintiff requests preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

39.     Upon information and belief, Defendants have obtained gains, profits, and advantages as a result of their wrongful acts of unfair competition in amounts that are yet to be determined, but which are within the jurisdiction of this Court.  These amounts should each be trebled, pursuant to 15 U.S.C. § 1117.

40.     In order to determine the full extent of such damages described above, including such profits as may be recoverable, Plaintiff requires an accounting from the Defendants of all monies generated from the manufacture, importation, distribution, and/or sale of the Infringing Products.

41.     By reason of the foregoing, Plaintiff has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein.  Plaintiff seeks and is entitled to recover from the Defendants, jointly and severally, its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## IV. <u>**PRAYER FOR RELIEF**</u>

For these reasons, Plaintiff respectfully requests that:

A.     Defendants and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with any of the Defendants, are immediately and permanently enjoined from:

1.     Directly or indirectly infringing Sanrio Co.'s Properties in any manner, including without limitation, by manufacturing, importing, distributing, advertising, selling, and/or offering for sale any Infringing Products or other unauthorized merchandise that pictures, reproduces, copies, or uses the likeness or, otherwise bears a confusing and/or substantial similarity to, any of Sanrio Co.'s Properties;

2.      Manufacturing, importing, distributing, advertising, selling, and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging, or containers that picture, reproduce, copy, or use the likenesses of, or otherwise bear a confusingly and/or substantial similarity to, any of Sanrio Co.'s Properties;

3.      Engaging in any conduct that tends to falsely represent, or that is otherwise likely to confuse, mislead, or deceive the public (including the Defendant's customers and other purchasers) to believe, that the Defendants' actions, the Defendants' products, and/or the Defendants themselves are sponsored, approved, or licensed by, or are otherwise connected or affiliated in some way with, the Plaintiff;

4.      Affixing, applying, annexing, or using in connection with the manufacture, importation, distribution, advertising, sale, offer for sale, or other use of any goods or services, a false description or representation (including words or other symbols) tending to falsely describe or represent such goods as being those of Plaintiff;

5.      Otherwise competing unfairly with Plaintiff in any manner; and

6.      Destroying or otherwise disposing of:

a.      Merchandise falsely bearing Sanrio Co.'s Properties;

b.      Any other products which picture, reproduce, copy, or use the likenesses of, or bear a substantial similarity to, any of Sanrio Co.'s Properties;

c.      Any labels, packages, wrappers, containers or other unauthorized promotion or advertising materials that reproduce, copy, counterfeit, imitates or otherwise bear any of Sanrio Co.'s Properties;

> d. Any molds, screens, patterns, plates, negatives, machinery, equipment, or other elements or devices used for making or manufacturing products bearing any of Sanrio Co.'s Properties; and
>
> e. Any sales journals, supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs, and other business records that record, memorialize, or otherwise relate to the manufacture, purchase, advertising, sale, or offering for sale of any Infringing Products.

B. Plaintiff and its designees are authorized to seize the following items in Defendants' possession, custody, or control:

> 1. All unauthorized products bearing any of Sanrio Co.'s Properties, or likenesses thereof;
>
> 2. Any other unauthorized products that (1) reproduce, copy, counterfeit, imitate, use, or bear any of Sanrio Co.'s Properties, or (2) picture, reproduce, copy, or use the likeness of, or otherwise bear a substantial similarity to, any of Sanrio Co.'s Properties;
>
> 3. Any labels, packages, wrappers, containers, and other unauthorized promotional or advertising materials that (1) reproduce, copy, counterfeit, imitate, use, or bear any of Sanrio Co.'s Properties, or (2) picture, reproduce, copy, or use the likeness of, or otherwise bear a substantial similarity to, any of Sanrio Co.'s Properties; and
>
> 4. Any molds, screens, patterns, plates, negatives, machinery, equipment, or other elements or devices used for making or manufacturing the Infringing Products or any other unauthorized items that bear any of Sanrio Co.'s Properties or a substantial similarity to any of Sanrio Co.'s Properties.

C.    Defendants infringing upon Sanrio Co.'s Properties are required to pay Plaintiff its actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiff's election.

D.    Plaintiff's actual damages be trebled pursuant to 15 U.S.C. § 1117.

E.    Defendants account for and pay over to Plaintiff all damages sustained by Plaintiff, and all profits realized by Defendants, by reason of Defendants' unlawful acts alleged herein, and that those profits be increased as provided by law.

F.    Plaintiff recover from Defendants its reasonable attorneys' fees and costs incurred in prosecuting this action.

G.    Plaintiff has such other and further relief as the Court deems just and proper under the circumstances.

Dated: February _15th_, 2017.

Respectfully submitted,

BY: _John C. Landon_

John C. Landon
State Bar No. 11865700
Federal ID No. 7064
Attorney-in-charge for Plaintiff Sanrio, Inc.
Law Office of John C. Landon
1770 St. James Place, Suite 150
Houston, Texas 77056
Telephone:    (713) 600-8875
Facsimile:    (713) 600-8585
E-mail: jlandon@law-crg.com

OF COUNSEL:

J. Andrew Coombs
CA State Bar No. 123881
Annie S. Wang
CA State Bar No. 243027
J. ANDREW COOMBS, P.C.
520 East Wilson Avenue, Suite 200
Glendale, California 91206
Telephone:    (818) 500-3200
Facsimile:    (818) 500-3201
Email: andy@coombspc.com
Email: annie@coombspc.com

_Attorneys for Plaintiff Sanrio, Inc._